## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **KENNETH MCFADDEN**, <br> 1449 Corry Avenue <br> Toledo, Ohio 43614 <br><br> Plaintiff, <br><br> v. <br><br> **ENCORE SERVICE GROUP, LLC** <br> c/o Brian D. O'Keefe <br> 370 E. Maple Road, 3rd Floor <br> Birmingham, Michigan 48009 <br><br> and <br><br> **RILEY M. WOOLFORD** <br> 8450 Summerfield Road <br> Lambertville, Michigan 48114 <br><br> Defendants. | CASE NO.: 3:21-cv-181 <br><br> JUDGE: <br><br> **COMPLAINT** <br><br> *(JURY DEMAND ENDORSED HEREIN)* <br><br> Charles E. Boyk (0000494) <br> Michael A. Bruno (0033780) <br> Kathleen R. Harris (0088079) <br> Charles E. Boyk Law Offices, LLC <br> 1500 Timberwolf Drive <br> Holland, OH 43528 <br> Telephone:  (419) 241-1395 <br> Facsimile:  (419) 241-8731 <br> Email: cboyk@charlesboyk-law.com <br> mbruno@charlesboyk-law.com <br> kharris@charlesboyk-law.com <br><br> Attorneys for Plaintiffs |

Now comes Plaintiff Kenneth McFadden, by and through the undersigned counsel, and hereby brings this Complaint against Defendants Encore Service Group, LLC and Riley M. Woolford for damages arising out of an automobile collision that occurred on or about December 13, 2017 at the University of Toledo Medical Center. In support of his claims, Plaintiff states as follows:

### THE PARTIES

1. Plaintiff Kenneth McFadden is an individual and a resident of the State of Ohio.

2. Upon information and belief, Defendant Encore Service Group, LLC is a for-profit limited liability company organized under the laws of the State of Michigan and operating in the

States of Michigan and Ohio to provide transportation and valet services, including at medical facilities.

3. Upon information and belief, Defendant Riley M. Woolford is an individual and a resident of the State of Michigan, who at all relevant times was operating in the course and scope of his employment and/or agency with Defendant Encore Service Group, LLC.

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

5. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because the Plaintiff's citizenship is diverse from each of the Defendants' citizenship, and because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the collision described herein occurred in Lucas County, Ohio, which is located in this judicial district.

7. This matter was originally commenced in Lucas County Court of Common Pleas on March 20, 2019 and was removed to U.S. District Court for the Norther District of Ohio on May 10, 2019 under the case number 3:19-cv-01056-JRK.

8. The matter was voluntarily dismissed pursuant to stipulation of both parties on February 27, 2020 and is being refiled pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

10. Upon information and belief, Defendant Encore Service Group, LLC operates at the University of Toledo Medical Center ("UTMC") providing valet parking services.

2

11. On or about December 13, 2017, Plaintiff Kevin McFadden was operating his vehicle on UTMC premises.

12. At the same time, Defendant Riley M. Woolford was operating a vehicle owned by non-party Miranda L. Reid in the course and scope of his employment and/or agency as a valet parking driver for Defendant Encore Service Group, LLC.

13. Defendant Riley M. Woolford was stopped at the stop sign at Lot 41 and Hospital Drive directly in front of Plaintiff Kenneth McFadden, who was also stopped.

14. Defendant Riley M. Woolford began to pull into the intersection at Lot 41 and Hospital Drive, but upon noticing a car coming he quickly reversed.

15. When Defendant Riley M. Woolford reversed, he struck the Plaintiff Kenneth McFadden's stopped vehicle.

16. It was snowing, and at all relevant times the view from the rear window of the vehicle operated by Defendant Riley M. Woolford was obstructed by snow.

17. University of Toledo police responded to the scene, and Plaintiff Kenneth McFadden immediately sought treatment at the onsite UTMC Emergency Room.

18. At the UTMC Emergency Room, Plaintiff Kenneth McFadden began treating for serious injuries, including but not limited to injuries to his left shoulder.

19. Upon information and belief, at all relevant times Defendant Riley M. Woolford was in the course and scope of his employment with Defendant Encore Service Group, LLC and was operating the vehicle at the direction of Defendant Encore Service Group, LLC at the time of the collision described herein.

**FIRST CAUSE OF ACTION**
(*Negligence – Riley M. Woolford*)

20. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

21. Defendant Riley M. Woolford owed a duty of care to operate the motor vehicle he was driving in a safe manner, in accordance with the laws of the State of Ohio and common law, so as not to cause injury to others including Plaintiff Kenneth McFadden.

22. Defendant Riley M. Woolford breached his duty of care by failing to keep a proper lookout, by reversing from an intersection, by reversing the vehicle with an obstructed view, and by striking Plaintiff Kenneth McFadden's vehicle while reversing from an intersection.

23. As a direct and proximate result of Defendant Riley M. Woolford's negligence and breach of his duty of care, Plaintiff Kenneth McFadden sustained serious and permanent personal injuries, including but not limited to injuries to his left shoulder, and was required to undergo hospital and medical care. Plaintiff Kenneth McFadden incurred hospital and medical care costs, and he incurred great pain, suffering, severe mental anguish, and emotional distress. There was also property damage to Plaintiff's vehicle as a direct and proximate result of Defendant Riley M. Woolford's breach of his duty of care.

24. Plaintiff Kenneth McFadden believes that his personal injuries are permanent in nature and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

### SECOND CAUSE OF ACTION
*(Respondeat Superior/Vicarious Liability – Encore Service Group, LLC)*

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully rewritten herein.

26. At all relevant times during the incident described herein, Defendant Riley M. Woolford was acting in the course and scope of his employment, and at the direction of Defendant Encore Service Group, LLC.

27. Under the doctrine of respondeat superior/vicarious liability, principal agency and/or agency by estoppel, Defendant Encore Service Group, LLC is liable for the negligent acts of its agents and employees, including Defendant Riley M. Woolford.

28. Defendant Riley M. Woolford was negligent as set forth herein, and because he was acting in the course and scope of his employment at the direction of Defendant Encore Service Group, LLC, Defendant Encore Service Group, LLC is liable for his negligence.

29. As a direct and proximate result of Defendant Riley M. Woolford's negligence and breach of his duty of care, Plaintiff Kenneth McFadden sustained serious and permanent personal injuries, including but not limited to injuries to his left shoulder, and was required to undergo hospital and medical care. Plaintiff Kenneth McFadden incurred hospital and medical care costs, and he incurred great pain, suffering, severe mental anguish, and emotional distress. There was also property damage to Plaintiff's vehicle as a direct and proximate result of Defendant Riley M. Woolford's breach of his duty of care.

30. Plaintiff Kenneth McFadden believes that his personal injuries are permanent in nature and will require future medical care and future medical care costs, and that he will continue to endure great pain, suffering, mental anguish, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) on each of the above-stated causes of action, together with interest, costs, reasonable attorney fees associated herewith, and such other relief as the Court may deem just.

Dated: January 22, 2021                                    Respectfully submitted,

/s/ Charles E. Boyk
Kathleen R. Harris
Charles E. Boyk
*Attorneys for Plaintiff*

## **CERTIFICATION**

This is to certify that a copy of the foregoing was forwarded this 22nd day of January, 2021, to:

Richard A. DiLisi, Esq.
4125 Highlander Pkwy., Ste. 200
Richfield, OH 44286
dilisir@nationwide.com

/s/ Charles E. Boyk
Kathleen R. Harris
Charles E. Boyk
*Attorneys for Plaintiff*
